NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ELENA ESPINOZA
CASTANEDA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   19-73142

Agency No. A028-746-486

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

    Maria Elena Espinoza Castaneda, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to terminate and dismissing her appeal from an immigration judge's

decision denying her applications for cancellation of removal and asylum,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Espinoza Castaneda does not raise, and therefore waives, any challenge to the BIA's denial of her motion to terminate and her application for cancellation of removal application. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

The BIA did not err in concluding that Espinoza Castaneda failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting

2                                                                                                    19-73142

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the finding that Espinoza Castaneda failed to establish that the harm she fears in Mexico would be on account of a protected ground, specifically, a political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion.").

Espinoza Castaneda's contention that the agency failed to address evidence fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[BIA] does not have to write an exegesis on every contention" (citation and internal quotation marks omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (concluding petitioner did not overcome the presumption that the BIA reviewed the record).

Thus, Espinoza Castaneda's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Espinoza Castaneda failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico.

19-73142

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's January 31, 2020 order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-73142